# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NBOA MARINE INSURANCE AGENCY, INC., COMPASS ROSE MARINERS CLUB INC. d/b/a NATIONAL BOAT OWNERS ASSOCIATION and COMPASS MARINE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THRIVE OPERATIONS, LLC d/b/a THRIVE NEXTGEN, <br><br> Defendant. | Civil Action No.: 1:25-cv-12274 |

## **DEFENDANT THRIVE OPERATIONS, LLC'S MOTION TO DISMISS**

Defendant Thrive Operations, LLC ("Thrive") hereby respectfully requests that the Court dismiss certain claims asserted in the Verified Complaint filed by Plaintiffs NBOA Marine Insurance Agency, Inc. (the "Marine Insurance Plaintiff"), Compass Rose Mariners Club Inc. d/b/a National Boat Owners Association ("NBOA") and Compass Marine Services, Inc ("Compass Marine") (together, NBOA and Compass Marine are referred to as the "Contract Plaintiffs"), with prejudice, under Fed. R. Civ. P. 9, 12(b)(1) and 12(b)(6).

As set forth in the accompanying memorandum of law, there are multiple grounds for dismissal of claims pled in the Complaint. Specifically, all claims asserted in the name of the Marine Insurance Plaintiff must be dismissed under Rule 12(b)(1), because that entity lacks standing to assert any of the claims in the Complaint, leaving the Court without subject matter jurisdiction over its claims. The Contract Plaintiffs' unjust enrichment claim (Count IV) fails as a matter of law, because they provided no services or other benefit to Thrive with the expectation

of payment.  The Contract Plaintiffs' contribution claim (Count V) fails as a matter of law because there is no liability, debt, or judgment to any third-party let alone such a liability or debt for which Thrive may be alleged to share responsibility.  The Contract Plaintiffs' fraudulent inducement (Count VI), negligent misrepresentation (Count VII), and Mass. Gen. Laws ch. 93A (Count IX) claims all fail to meet the specificity required by Rule 9, and the Contract Plaintiffs otherwise fail to allege any basis for their ch. 93A claim beyond mere breach of contract.  The Contract Plaintiffs' conversion claim (Count VIII) fails as a matter of law because the property at issue is not tangible property owned by the Contract Plaintiffs, or in that was ever in their possession, so it cannot be the subject of a conversion claim.  Additionally, the Contract Plaintiffs' Prayers for Relief C, H and I, and demand for jury trial, all should be stricken as barred by the terms of the parties' contract.

  For these reasons, as more fully set forth and explained in the accompanying memorandum of law, the Court should dismiss (1) all claims asserted by Marine Insurance Plaintiff, and (2) Counts IV – IX, Prayers for Relief C, H and I, and the jury demand asserted by the Contract Plaintiffs in the Complaint.

## CERTIFICATION OF CONFERENCE PURSUANT TO LOCAL RULE 7.1

I hereby certify that pursuant to Local Rule 7.1, on behalf of Thrive, on September 15, 2025, I conferred via video conference with counsel for the Plaintiffs concerning Thrive's intended Motion to Dismiss. The parties were unable to resolve the need for this Motion despite their conferral.

      /s/ Steven M. Cowley
Steven M. Cowley

Dated: September 18, 2025      Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Steven M. Cowley*
Steven M. Cowley - BBO #554534
100 High Street, Suite 2400
Boston, MA 02110
Tel.: 857-488-4200
Fax: 857-488-4201
smcowley@duanemorris.com

*Counsel for Defendant Thrive Operations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent out to those indicated as non-registered participants on this 18th day of September 2025.

      /s/ Steven M. Cowley
Steven M. Cowley